# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 5, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID R. GOAD,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0495** (BOR Appeal No. 2050059)
(Claim No. 2015004856)

**MECHANICAL & CERAMIC SOLUTIONS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David R. Goad, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mechanical & Ceramic Solutions, Inc., by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 30, 2015, in which the Board affirmed a December 3, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 25, 2014, decision denying Mr. Goad's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Goad, a brick layer, alleges he injured his back and neck in the course of his employment while laying tile on June 14, 2014. Treatment notes from Giles Community Hospital state that he was treated in the emergency room for a nosebleed, numbness, and dizziness. Mr. Goad denied back pain, injuries, falls, or trauma at that time. He reported that his arms intermittently went numb. He also reported a sharp pain in his right arm that morning. The impression was bilateral arm numbness and cervical paraspinal muscle spasm. It was noted that

1

Mr. Goad had a history of a stroke on March 16, 2014, which caused right leg pain and left arm weakness.

Mr. Goad was treated for his symptoms by Danny Cline, PA-C and was seen for a follow-up visit on June 14, 2014, for pain and numbness in both arms. Mr. Cline noted a history of a stroke several months prior. A CT of the head was normal. Mr. Goad was placed off of work and it was recommended that he get an MRI of his neck and lower back. On July 21, 2014, Mr. Goad reported left-sided weakness that began a few months prior and involved mostly the arms. An MRI and CT scan showed an old infarction in the left side of the brain. He was referred to neurology. On August 21, 2014, Mr. Goad reported continued lower extremity weakness that his left knee intermittently gave out on him. Mr. Cline noted that he was evaluated by a neurologist the prior week who stated that his problems could be the result of a lumbar spine condition.

In an affidavit, William Clemons, Mr. Goad's supervisor, stated that he worked with Mr. Goad on the day in question. He stated that Mr. Goad never reported an accident or injury to him. He also did not complete an accident report or an employee's and physician's report of injury. Jacob Thompson and Jerry Rowe also stated in affidavits that they worked with Mr. Goad on the date of the alleged injury. They both asserted that Mr. Goad did not tell them that he was injured while at work, and they did not see him sustain an injury on the date in question. In an affidavit, Leonard Klemencic stated that he was the vice president for Mechanical & Ceramic Solutions, Inc. He asserted that Mr. Goad was informed of, and provided information about, reporting an injury to the employer. Mr. Klemencic stated that Mr. Goad did not report an injury to anyone he was working with on the day in question. He stated that neither he nor anyone else was aware that Mr. Goad was injured until August 12, 2014, when the claims adjuster informed Mechanical & Ceramic Solutions, Inc., that he was alleging a work-related injury. Mr. Klemencic asserted that Mr. Goad has not completed an accident report or provided medical documentation supporting his claim.

Mr. Goad testified in a deposition on October 30, 2014, that he was experiencing lower back pain, loss of strength in the left side, and numbness in the arms. He admitted that he had numbness in his arms prior to the date of the alleged injury caused by a stroke on March 16, 2014. He denied back pain or treatment prior to the compensable injury. Mr. Goad stated that his left side pain developed when he had a stroke and was worsened by the alleged injury. He asserted that he reported his injury around mid-day to everyone he was working with on the day it occurred. He stated that he finished out his work for that day and sought medical treatment that evening. He alleged that he reported to the hospital that he was at work when the injury occurred.

The claims administrator denied the claim on August 25, 2014. The Office of Judges affirmed the decision in its December 3, 2014, Order. It determined that the only evidence of a work-related injury was Mr. Goad's own testimony. The Office of Judges found that though he argues the treatment notes from Giles Community Clinic establish the injury as related to workers' compensation, there is no indication in the medical report that he was injured at work or how the alleged injury occurred. Further, the Office of Judges determined that Mr. Goad has submitted no report of occupational injury. The Office of Judges also found that he testified he was working with William Clemons, Jacob Thompson, and Jerry Rowe on the day of the alleged

injury. Mr. Goad asserted that he informed them he was injured at work; however, they all stated in affidavits that they were not made aware that he was allegedly injured in the course of his employment, nor did they observe an accident. The Office of Judges therefore concluded that Mr. Goad failed to show by a preponderance of the evidence that he sustained a work-related injury. The Board of Review affirmed the Order on April 30, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Mr. Goad has failed to sustain his burden to establish that he sustained an injury in the course of and resulting from his employment. Mr. Goad alleged that he reported his injury to several coworkers; however, they all denied knowledge of such an event. The medical evidence of record also fails to show a work-related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 5, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum